UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : CRIMINAL ACTION NO. 4:16-138 |
| v. | : (JUDGE MANNION) |
| WILLIE DAVIS, | : |
| Defendant | : |

## MEMORANDUM

Pending before the court is the defendant's motion challenging the constitutionality of 18 U.S.C. §1791(a)(2), (Doc. 54), a motion alleging the Speedy Trial Act was violated, (Doc. 66), under 18 U.S.C. §3161(c)(1), and a motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(a), (Doc. 68).

On May 26, 2016, a one-count Indictment was filed against Davis charging him with possessing contraband while confined at USP-Lewisburg, in violation of 18 U.S.C. §1791(a)(2).[1] (Doc. 1). Specifically, Davis was charged with possessing a sharpened piece of plastic about eight inches long which was allegedly attached to his body by a lanyard. Davis filed briefs in support of his three motions, (Doc. 55, Doc. 67, & Doc. 69). Davis' trial is set

---

[1]Section 1791(a)(2) provides that "Whoever-- (2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object; shall be punished as provided in subsection (b) of this section." The term "prohibited object" includes a "destructive device" as well as "any other object that threatens the order, discipline, or security of a prison, of the life, health, or safety of an individual." §1791(d)(1)(a) and (G).

to commence on December 5, 2016. For the reasons discussed below, the motions will be **DENIED**.

I. **FACTUAL BACKGROUND**

As detailed in the government's brief in opposition to Davis' motion to dismiss, (Doc. 20, at 2-3), the alleged facts are as follows:

> On October 16, 2015 at 12:20pm, Senior Officer Specialist J. Ritz conducted a random search of cell G-317 at the United States Penitentiary at Lewisburg (USPL). As part of that search, Officer Ritz escorted defendant Willie Davis, an inmate at that institution, from that cell to the showers on the third floor to conduct a visual search. Officer Ritz asked Davis if he had anything on his person. Davis acknowledged affirmatively by nodding his head. Officer Ritz observed Davis remove his boxer shorts and untie a string wrapped around his genitals. Davis then handed a[n] improvised weapon, or shank, to the Officer. The shank was in the shape of a spike, approximately 8 inches in length, made of melted blue plastic, sharpened to a point at one end with a cloth handle and lanyard at the other end.

The government previously, (Doc. 20-1), submitted a copy of a photograph depicting the weapon.

II. **PROCEDURAL HISTORY**

On May 26, 2016, a grand jury returned an Indictment charging Davis with violating a single count of 18 U.S.C. §1791(a)(2), possession of contraband within a prison. (Doc. 1). Davis had an initial appearance and arraignment on June 29, 2016, and a plea of not guilty was entered on his

2

behalf. Following a lengthy colloquy, Davis affirmed his decision to proceed *pro se* in his case as opposed to having the Federal Public Defender represent him. Nevertheless, the court appointed the Federal Public Defender's Office as stand-by counsel. (Doc. 8). Both parties were given until July 15, 2016, to file any and all pretrial motions and/or motions *in limine*. (Doc. 11).

On July 11, 2016, Davis timely filed two pre-trial motions, (Doc. 12, Doc. 14), one to dismiss the Indictment and one to suppress evidence. Davis simultaneously filed his briefs in support of both motions. (Doc. 13, Doc. 15). The government filed its briefs in opposition to both motions on July 28, 2016. (Doc. 19, Doc. 20). On August 15, 2016, Davis filed a reply brief. (Doc. 25).

On July 19, 2016, Davis untimely filed a motion seeking the court to strike surplusage from the Indictment pursuant to Fed.R.Crim.P. 7(d), (Doc. 16), and a brief in support. (Doc. 17). On July 29, 2016, the court issued an Order denying Davis' motion to strike. (Doc. 18).

In light of the remaining pretrial motions, on August 8, 2016, the court issued a Scheduling Order setting the final pre-trial conference for September 21, 2016, and continued the trial to October 17, 2016, in Williamsport, PA. (Doc. 23). The court stated in the Order that it found the continuance of time outweighs the best interests of the public and the defendant in a speedy trial, and that the appropriate time shall be excluded under the Speedy Trial Act,

3

18 U.S.C. §3161(h)(6) and (7)(A). On August 29, 2016, the court issued a memorandum and order denying Davis' motion to dismiss the Indictment, (Doc. 12), and motion to suppress evidence, (Doc. 14). (Doc. 28, Doc. 29).

On November 4, 2016, the court issued an Order granting the government's untimely motion *in limine* for the Court to take judicial notice that the United States Penitentiary Lewisburg is a federal correctional facility under FRE 201. (Doc. 45).

On November 9, 2016, the court issued an Order granting the government's untimely motion *in limine* to preclude Davis from arguing to the jury or presenting evidence at trial that the United States District Court for the Middle District of Pennsylvania lacks jurisdiction over this case or, that it lacks subject matter jurisdiction or jurisdiction over the person of Willie Davis. (Doc. 49).

On November 14, 2016, Davis filed his most recent untimely motions challenging the constitutionality of 18 U.S.C. §1791(a)(2), (Doc. 54), and on November 21, 2016, his motion that the Speedy Trial Act was violated under 18 U.S.C. §3161(c)(1). (Doc. 66). Finally, on November 21, 2016, Davis filed his premature motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(a). (Doc. 68).

4

## III. DISCUSSION

Initially, the court finds that all three pending pre-trial motions filed by Davis are untimely. The court issued Scheduling Orders directing the parties to file any pre-trial motions and/or motions *in limine* by July 15, 2016. (Doc. 9, Doc. 11). Davis neither requested an extension of time to file pre-trial motions nor did he request permission from the court to file his instant motions out of time. As such, the court could deny Davis' three pending pre-trial motions as untimely despite the fact that the court has chosen to rule on Davis' other untimely motions. Nonetheless the court will again address the merits of Davis' untimely motions.

As to Davis' motion for judgment of acquittal, (Doc. 68), the court finds that this motion is premature since no evidence has been presented yet at trial. Davis bases his motion on his mistaken belief that "...the government closed it's (sic) evidence on November 14, 2016." (Doc. 69). To the contrary, the government has not "closed" its case-in-chief and will not do so until it has presented its witnesses and evidence at trial before the jury and rests its case on the record. *See* U.S. v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005) ("In ruling on a motion for judgment of acquittal made pursuant to Fed.R.Crim.P. 29, a district court must 'review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilty beyond a reasonable doubt based on the available evidence.'") (citations omitted). The defendant can move for a judgment of acquittal at the

5

close of the government's case at trial pursuant to Fed.R.Crim.P. 29(a). Thus, Davis' motion for judgment of acquittal is premature and **DISMISSED WITHOUT PREJUDICE**.

Moreover, Davis argues in his brief, (Doc. 69), that the "the government's evidence as a whole is insufficient to sustain a conviction of §1791(a)(2) due to the fact that the U.S. Constitution did not permit Congress to enact the [statute]."

In our August 29, 2016 memorandum, (Doc. 28 at 6), the court stated:

> Since the charged offense in the Indictment occurred in USP-Lewisburg, a federal prison, Congress has authority to regulate criminal conduct within its confines. "Federal district courts have subject matter jurisdiction over all violations of federal law, 18 U.S.C. §3231, and there is no question that the government can regulate criminal behavior in a federal prison." U.S. v. Hurley, 543 Fed.Appx. 249, 252 (3d Cir. 2013). Further, "a federal court obtains personal jurisdiction over an indicted defendant once the defendant is brought before the court." Id. (citing U.S. v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003)). As the Government states, (Doc. 20, at 4), "Congress has passed a law regulating the possession of drugs, weapons, and other contraband within federal prisons – 18 U.S.C. §1791." Davis is charged with violating §1791 in the Indictment, a federal criminal charge, and he was then brought before this court. Thus, this court has both subject matter and personal jurisdiction over this case even without a connection of the offense to interstate commerce. See U.S. v. Hurley, 543 Fed.Appx. at 252.

"[Title] 18 U.S.C. §1791 renders it unlawful for any 'inmate of a prison [to] make[ ], possess[ ], or obtain[ ], or attempt[ ] to make or obtain, a prohibited object.'" U.S. v. Holmes, 607 F.3d 332, 334 (3d Cir. 2010) (citing §1791(a)(2)). "Section 1791(d)(1)(B) defines 'prohibited object' to mean, in

part, 'a weapon [ ] or an object that is designed or intended to be used as a weapon.'" Id. at 336.

The term "prison" means a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of, or pursuant to a contract or agreement with the Attorney General. Thus, to convict Davis under §1791(a)(2), the government has to prove beyond a reasonable doubt that, while an inmate in a prison, Davis knowingly possessed "a prohibited object; that is, a weapon or an object that is designed or intended to be used as a weapon." 18 U.S.C. §1791(a)(2), (d)(1)(B). Therefore, the government must demonstrate at trial that Davis "knowingly possessed the object that is a weapon." Holmes, 607 F.3d at 336-37; see also U.S. v. George, —Fed.Appx. —, 2016 WL 4174367, *3 n. 8 (3d Cir. 2016) (citing U.S. v. Holmes, 607 F.3d 332, 336–37 (3d Cir. 2010) (Court in Holmes "explain[ed] that a conviction under 18 U.S.C. §1791 for possession of prison contraband requires proof that the inmate knowingly possessed the prohibited object.").

Based on the recent Third Circuit cases of Holmes and George, the court also finds that §1791(a)(2) is a valid law and constitutional. Thus, Davis' motion for the court to take judicial notice that the constitutionality of 18 U.S.C. §1791(a)(2) is being challenged, (Doc. 54), is **DENIED**. Further, insofar as Davis bases his motion for judgment of acquittal, (Doc. 68), on his contention that Congress did not have the constitutional power to enact

§1791(a)(2), his motion is **DENIED ON ITS MERITS**.

Finally, Davis argues that the court should take judicial notice that the Speedy Trial Act was violated under 18 U.S.C. §3161(c)(1). (Doc. 66). In his brief, (Doc. 67), Davis argues that the court acted "contrary to the requirements of 18 U.S.C. §3161(h)(7)(A) by improperly excluding [67] days [ ] of the Speedy Trial Act, as the court has exceeded the 70-day time frame to commence [his] trial." In particular, Davis argues that the court's August 8, 2016, Scheduling Order, (Doc. 23), which continued his trial until October 17, 2016, failed to state "its reasons for finding that ends of justice [were] served by the granting of such continuance" and its reasons for finding that the continuance outweighed the public's interest and the defendant's interest in a speedy trial in violation of §3161(h)(7)(A). Thus, Davis states that the 67 days between August 9, 2016, and October 16, 2016, cannot be excluded under the Act, and that since the 70-day period to begin his trial has lapsed, the court should dismiss this case with prejudice.

In Erby, 419 Fed.Appx. at 179, the Third Circuit stated that "broadly speaking, the [Speedy Trial] Act excludes '[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel' if the judge determines that 'the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.'") (citing 18 U.S.C. §3161(h)(7)(A)). In Zedner v. U.S., 547 U.S. 489, 498 n. 3, 126 S.Ct. 1976 (2006), the Supreme Court

8

noted that 18 U.S.C. §3161(h)(8)(A) provided, in relevant part, that "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph [i.e., ends-of-justice continuances] shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." The Court stated that "[t]his provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." Id. at 498-99. The Court then noted the factors which a judge shall consider in determining whether to grant an ends-of-justice continuance as specified in §3161(h)(8)(B)(i)-(iv). Id. at 498 n. 3.

Notwithstanding the stated language in the court's August 8, 2016, Scheduling Order, as discussed below, the 70-day period was already tolled from July 11, 2016, to November 18, 2016. Thus, even if the language in the August 8, 2016, Scheduling Order was inadequate, this Order did not have any effect on the 70-day clock which was already tolled.

In U.S. v. Willaman, 437 F.3d 354, 357 (3d Cir. 2006), the Third Circuit stated:

> The Speedy Trial Act provides that if a plea of not guilty is entered, the trial of a defendant charged in an information or

9

> indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs." Section 3161(c)(1); Gov't of Virgin Islands v. Duberry, 923 F.2d 317, 320 (3d Cir.1991). However, delay during the time between the filing of a pretrial motion "through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the computation of Speedy Trial Act time. Section 3161(h)(1)(F); see United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir.1993).

See also U.S. v. Erby, 419 Fed.Appx. 176, 178-79 (3d Cir. 2011).

Davis' arraignment on June 29, 2016 before this court, when a plea of not guilty was entered on his behalf, (Doc. 7, Doc. 10), began the running of the 70-day time period of the Speedy Trial Act since he did not have a pre-indictment appearance before a judicial officer. Id. (citations omitted).

After Davis was arraigned, he filed three pre-trial motions on July 11 and July 19, 2016, as detailed above, (Doc. 12, Doc. 14, & Doc. 16). The filing of the pre-trial motions by Davis tolled the running of the 70–day period until the court ruled on those motions. Willaman, 437 F.3d at 358 (citing U.S. v. Yunis, 723 F.2d 795, 797 (11th Cir. 1984) ("In calculating includable time [for Speedy Trial Act purposes] both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded."); Erby, 419 Fed.Appx. at 179. Thus, the 70-day period ran 11 days from June 30, 2016 to July 10, 2016, and it was tolled from July 11, 2016 until August 29, 2016, when the court denied the last motion. (Doc. 29). The clock however did not start to run again since Davis filed a notice of appeal with the Third Circuit

on August 5, 2016, regarding this court's Doc. 18 Order denying his motion to strike. In U.S. v. Felton, 811 F.2d 190, 198 (3d Cir. 1987), the Third Circuit stated that "[t]he purpose of §3161(e) and subsection (E) is to remove from the Speedy Trial Act calculation periods when the district court justifiably cannot try the defendant's case." Thus, "[w]hen the matter is on appeal, the district court lacks power to proceed, and logically that time is excluded." Id. The mandate which the Third Circuit issued in this case was on November 18, 2016, when the Third Circuit dismissed Davis' appeal for lack of jurisdiction. (Doc. 65). The 70-day clock then ran two days from November 19, 2016 to November 20, 2016 and stopped again on November 21, 2016 since this is when Davis filed his present motions. Thus, a total of 13 non-excludable days has run on the 70-day period to date in this case.

As such, Davis' motion seeking to dismiss the Indictment against him pursuant to the Speedy Trial Act is **DENIED**.

IV. **CONCLUSION**

Based on the foregoing, Davis' motion challenging the constitutionality of 18 U.S.C. §1791(a)(2), (Doc. 54), is **DENIED**. Davis' motion to dismiss the Indictment due to violation of the Speedy Trial Act, (Doc. 66), is **DENIED**. Davis' motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(a), (Doc. 68), is **DISMISSED WITHOUT PREJUDICE** as premature. To the extent Davis bases his motion for judgment of acquittal, (Doc. 68), on his contention

11

that Congress did not have the constitutional power to enact §1791(a)(2), his motion is **DENIED**. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 23, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2016 CRIMINAL MEMORANDA\16-138-02.wpd