# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE DAVIS,** | : | |
| Petitioner | : | **CRIMINAL ACTION NO. 4:16-138** |
| v. | : | **(JUDGE MANNION)** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Pending before the court is the *pro se* Motion to Vacate, Set Aside or Correct, filed by petitioner Willie Davis, pursuant to 28 U.S.C. §2255, with regard to his 37-month sentence to imprisonment imposed on June 28, 2016. (Doc. 121). In his motion, Davis claims, without support, that he is innocent of his convicted charge, namely, possession of contraband within a prison, in violation of 18 U.S.C. §1791(a)(2) and (b)(3). He also raises jurisdictional and constitutional challenges to his conviction. In considering Davis's motion, the government's response, and Davis's reply, the motion will be **DENIED** without an evidentiary hearing. Davis's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), (Doc. 128), will also be **DENIED**. Davis's motion to file a reply brief, (Doc. 126), will be **GRANTED** and his reply brief, (Doc. 126-1), will be considered by the court. Davis's motion to take judicial notice of adjudicative facts, (Doc. 130), will be **DENIED**. The court will not issue a certificate of appealability.

## I. BACKGROUND[1]

On May 26, 2016, a one-count Indictment was filed against Davis charging him with possessing contraband while confined at USP-Lewisburg, in violation of 18 U.S.C. §1791(a)(2).[2] (Doc. 1). Specifically, Davis was charged with possessing a sharpened piece of plastic about eight inches long which was allegedly attached to his body by a lanyard.

On August 29, 2016, the court denied Davis's pre-trial motions, (Doc. 12, Doc. 14), in which he claimed that the indictment was defective and that evidence should be suppressed. (Doc. 28, Doc. 29).

On November 4, 2016, the court issued an Order granting the government's motion *in limine* for the court to take judicial notice that the United States Penitentiary Lewisburg is a federal correctional facility under FRE 201. (Doc. 45).

On November 9, 2016, the court issued an Order granting the government's motion *in limine* to preclude Davis from arguing to the jury or

---

[1]Since the court detailed the factual background of this case in its August 29, 2016 Memorandum, (Doc. 28), denying Davis's motion to dismiss, and in its November 23, 2016 Memorandum, (Doc.70), denying Davis's pre-trial motions, it will not repeat it herein. *See also* United States v. Davis, 728 Fed.Appx. 125 (3d Cir. 2018).

[2]Section 1791(a)(2) provides that "Whoever– (2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object; shall be punished as provided in subsection (b) of this section." The term "prohibited object" includes a "destructive device" as well as "any other object that threatens the order, discipline, or security of a prison, of the life, health, or safety of an individual." §1791(d)(1)(a) and (G).

presenting evidence at trial that the United States District Court for the Middle District of Pennsylvania lacks jurisdiction over his case or, that it lacks subject matter jurisdiction or jurisdiction over the person of Willie Davis. (Doc. 49).

On November 14, 2016, the court denied Davis's motions challenging the constitutionality of 18 U.S.C. §1791(a)(2), (Doc. 54), and his motion claiming that the Speedy Trial Act was violated under 18 U.S.C. §3161(c)(1). (Doc. 66).

Davis was then convicted of the charged offense under §1791(a)(2) by a jury on December 14, 2016.

On June 28, 2017, Davis was sentenced by this court to 37 months imprisonment to run consecutive to the federal sentence he was serving at the time. Davis appealed his judgment of sentence on the grounds that the court failed to instruct the jury that Congress excluded objects specified in 18 U.S.C. §1791(d)(1)(B). Davis's appeal was denied on April 3, 2018 by the U.S. Court of Appeals for the Third Circuit. (Docs. 112 & 113-1). *See* <u>United States v. Davis</u>, 728 Fed.Appx. 125 (3d Cir. 2018).

Davis then petitioned the U.S. Supreme Court to hear his appeal and, on February 19, 2019, his petition for writ of certiorari was denied. He then filed a petition for re-hearing with the Supreme Court which was denied on April 22, 2019. As such, Davis has exhausted his direct appeals regarding his June 28, 2016 conviction.

Davis filed his initial motion to vacate under §2255 on January 15, 2019. The court dismissed this motion without prejudice since Davis's appellate

3

remedies had not yet been exhausted. (Doc. 117). Davis then filed his instant motion to vacate under 28 U.S.C. §2255 on May 6, 2019. (Doc. 121). Davis attached a brief in support to his motion as well as his affidavit. The government filed its response on May 17, 2019. (Doc. 123). Davis then filed replies on May 20 and 28, 2019.[3] (Docs. 124, 125 & 126-1).

**II.    STANDARD**

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* United States v. Bendolph, 409 F.3d 155, 165

---

[3]Although Davis contends that the clerk of court erred by using his criminal number on his §2255 motion since it is a civil motion, (Doc. 124), the court in this district files such motions under the defendant's criminal number. Regardless of its classification, the court applies the proper standard for reviewing a §2255 motion. Also, as indicated by the above caption, Davis is clearly designated as the petitioner and the government as the respondent.

4

n. 15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D.Pa. June 21, 2010)(citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D.Pa. Jan. 7, 2008) (quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D.D.C. 2013) (citation omitted).

## III.   DISCUSSION

In his motion, Davis does not allege any violations of the Constitution or federal laws; nor does he argue that his sentence is over the 60-month maximum he faced for his conviction. Rather, Davis again challenges the jurisdiction of the court over his underlying criminal case. He also contends that there is a jurisdictional element of §1791(a)(2) and that he has a 6th

5

Amendment right to have this element proven beyond a reasonable doubt. Further, he claims that the Third Circuit's decision affirming his judgment of sentence announced a new rule of substantive law since the Court "narrowed [the scope of §1791(a)(2)] by limiting possession of contraband in prison to the affect that it has on Congress['] constitutional power to establish federal courts."

As mentioned, Davis has already raised the issue of jurisdiction before this court and in his direct appeal to the Third Circuit. Davis has also previously raised a challenge to the constitutionality of §1791(a)(2) and the court has found no merit to it. Therefore, the court has already decided these issues, found that it had jurisdiction over Davis as well as the criminal charge against him, and that §1791(a)(2) is a valid and constitutional law. The court will not rehash the reasoning stated in its August 26, 2016 Memorandum, (Doc. 28), and in its November 23, 2016 Memorandum, (Doc. 70), in which it found that it had both subject matter and personal jurisdiction over Davis's criminal case.

Davis's entire argument concerning jurisdiction appears to be that the statute under which he was charged and convicted, 18 U.S.C. §1791, ties the substantive offense to one of Congress' powers. Additionally, the Third Circuit found no merit to Davis's jurisdictional arguments and summarily rejected Davis's interpretation of 18 U.S.C. §1791, stating:

> Initially, we conclude that Davis's jurisdictional assertions clearly lack merit. Given Article III, Section 1 of the Constitution ("The judicial Power of the United States, shall be vested ... in such

6

inferior Courts as the Congress may from time to time ordain and establish."), Congress possessed the power to establish the District Court. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of United States." 18 U.S.C. §3231. "Providing or possessing contraband in prison" in violation of §1791 constitutes an offense against the laws of the United States. In turn, Congress clearly has the constitutional authority to regulate criminal behavior in a federal prison. In fact, "Section 1791(d)(4) defines 'prison' as a '[f]ederal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General."[4] United States v. Wearing, 837 F.3d 905, 910 (8th Cir. 2016) (per curiam) (rejecting argument that indictment failed to allege that offense occurred in federal prison).

Davis, 728 Fed.Appx. at 127-28.

Therefore, it is clear that Davis's jurisdictional and constitutional claims have been litigated fully both at the district court level and in the court of appeals. *Id*.

It is well-settled in Third Circuit that "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to

---

[4]In Davis, 728 Fed.Appx. at 127-28 n. 3, the Third Circuit noted:

[T]he indictment expressly alleged that Davis was an inmate of the United States Penitentiary, Lewisburg. Incorporating the statutory definition of "prison," the District Court specifically instructed the jury that the United States must prove that Davis "was an inmate of a prison." (Doc. #110 at 32; *see also id.* at 31 (explaining that District Court has taken judicial notice that United States Penitentiary, Lewisburg, is a federal prison and that jury may but is not required to treat this fact as proven).)

7

reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. §2255." United States v. Orejuela, 639 F.3d 1055, 1057 (3d Cir. 1981). *See also* U.S. v. Schwartz, 925 F.Supp.2d 663, 691-92 (E.D.Pa. 2013) (citing Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068 (1969); Gov't of the Virgin Islands v. Nicholas, 759 F.2d 1073, 1074–75 (3d Cir. 1985) (also recognizing a role for "the trial judge's personal knowledge" of the proceedings in resolving Section 2255 motions); United States v. Pelullo, 305 Fed.Appx. 823, 827 (3d Cir. 2008) (holding that ordinarily a "§2255 petition [can]not 'be used to relitigate matters decided adversely on appeal.'" (quoting Nicholas, 759 F.2d at 1075)); Withrow v. Williams, 507 U.S. 680, 721, 113 S.Ct. 1745 (1993) (citing Orejuela and other Courts of Appeal opinions in support of the proposition that "federal courts have uniformly held that, absent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal").

"As a general rule, re-litigation of a claim considered on direct appeal is barred unless: (1) there is newly discovered evidence that could not reasonably have been presented at the original trial; (2) there is a change in applicable law; (3) counsel provided ineffective assistance; or (4) other circumstances indicate that the accused did not receive full and fair consideration of his federal constitutional and statutory claims." Huggins v. United States, 69 F.Supp.3d 430, 456-57 (D.De. 2014) (citing United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979); United States v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993); Davis v. United States, 417 U.S. 333, 342,

94 S.Ct. 2298 (1974)).

Davis's instant claims challenging jurisdiction and the constitutionality of §1791(a)(2) were fully considered by both this court prior to trial and the Third Circuit on Davis's direct appeal. Also, prior to trial, the court considered Davis's claims attacking the indictment, including his claim that it was defective. The court finds that none of the Palumbo factors apply to warrant post-conviction review of Davis's present claims. The Third Circuit's decision affirming Davis's conviction and judgment of sentence did not constitute an intervening change in the law and the Court did not announce a new rule of substantive law as Davis maintains it did in his reply brief. *See* Davis, 728 Fed.Appx. at 128-29. Simply put, there has been no change to §1791(a)(2) and it was, and still is, unlawful for Davis, as an inmate in a federal prison, to possess a prohibited object, including a weapon, i.e., a shank.

Therefore, the court has the authority to decline to re-hear the jurisdictional and constitutional claims that Davis again raises in his instant motion. *See* Schwartz, *supra*; Huggins.

Additionally, Davis's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), (Doc. 128), will also be **DENIED**. Davis contends that since the government did not dispute the factual averments he made in his affidavit attached to his §2255 motion, he is entitled to judgment on his motion as a matter of law. Rule 12(c) provides, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Further, "Rule 12(b)(6) motions to dismiss and Rule 12(c) motions

9

for judgment on the pleadings for failure to state a claim are judged according to the same standard." Gebhart v. Steffen, 574 Fed.Appx. 156, 158 (3d Cir. 2014).

There are no pleadings before the court and Davis has been tried, convicted and sentenced for committing a federal offense. In fact, as relief in his instant §2255 motion, Davis is seeking the court to "vacate [his] sentence and judgment." As such, "a motion under 28 U.S.C. §2255 [, and not under Fed.R.Civ.P. 12(c),] is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2.

Finally, Davis's motion to take judicial notice of adjudicative facts, (Doc. 130), in which he contends that the court must make findings with respect to the factual allegations in his §2255 motion and affidavit, and that disputed issues of material fact "protects [his motion] from being disposed of by judgment on the merits", will be **DENIED**. No doubt that "[i]n considering a motion to vacate a defendant's sentence, the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (citations omitted). However, "vague and conclusory allegations contained in a §2255 petition may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (citation omitted). As discussed above, the court finds that the factual allegations in Davis's §2255 motion, as well as his affidavit, are "clearly

frivolous on the basis of the existing record." Further, as discussed below, the court finds that no evidentiary hearing need be conducted in this case since "the [§2255] motion [,] files and records of the case show conclusively that the movant is not entitled to relief." Booth, 432 F.3d at 545-46 (citation omitted).

## IV.     EVIDENTIARY HEARING

Although Davis does not specifically request an evidentiary hearing, the court will address the issue. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). *See* United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)(The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.")(citation omitted). However, the court need not accept the petitioner's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record." Patton v. United States, 2010 WL 3191887, *1 (W.D.Pa. 2010) (citing United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir. 1988)). A review of the motion, the traverse and the government's brief, as well as the law and the claims make it clear that Davis's allegations are wholly without merit. The court finds that Davis is not entitled to an evidentiary hearing because the record conclusively establishes

that he is not entitled to the relief sought in his §2255 motion. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Davis has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## VI. CONCLUSION

Based on the foregoing, the court will **DENY** Davis's §2255 motion, (Doc. 121), without an evidentiary hearing. Further, no COA will issue. Davis's motion to file a reply brief, (Doc. 126), will be **GRANTED**. Davis's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), (Doc. 128), will be **DENIED**. Davis's motion to take judicial notice of adjudicative facts, (Doc.

130), will also be **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: July 11, 2019**
16-138-04new.wpd