UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 4:16-138** |
| **v.** | |
| : | **(JUDGE MANNION)** |
| **WILLIE DAVIS,** | |
| : | |
| **Defendant** | |

**MEMORANDUM**

**I.    BACKGROUND**

On February 3, 2021, long after his judgment of sentence became final, defendant Willie Davis filed, *pro se*, a Motion for a New Trial, **(Doc. 156)**, and a brief in support with an attached "Law in Support", (Docs. 157 & 157-1).

The court does not repeat the complete background of this case since it has been stated in the court's prior decisions. Suffice to say that on December 14, 2016, Davis was convicted by a jury of possession of contraband in prison, *i.e.*, a shank, in violation of 18 U.S.C. §1791(a)(2). On June 28, 2017, the court sentenced Davis to 37 months' imprisonment, consecutive to the federal sentence he was serving at the time. (Doc. 102).

In his motion, Davis seeks the court give him a new trial under Fed.R.Crim.P. 33(a) and 45(b)(1)(B), and based on the Third Circuit's

1

recent decision in U.S. v. Nasir, 982 F.3d 144 (3d Cir. Dec. 1, 2020), which examined the Supreme Court's decision in Rehaif v. U.S., --- U.S. ---, 139 S.Ct. 2191 (2019). Davis is claiming excusable neglect for filing his motion out of time, years after his judgment of sentence became final, stating that until Nasir was decided, he could not have raised any argument in support of his request for a new trial based on Rehaif. Davis states that as soon as he discovered the Nasir case through his research, he filed his instant motion. Davis states that just as in Rehaif where the Supreme Court interpreted a firearm offense under 18 U.S.C. §922(g) to include a new element that the government must prove to the jury beyond a reasonable doubt, the statute he was convicted of violating, namely, 18 U.S.C. §1791(a), has a new element which the government failed to prove at his trial beyond a reasonable doubt. Specifically, Davis contends that the 1986 amended version of 18 U.S.C. §1791(a) added a new subsection (a) which he states reads: "A person commits an offense if, in violation of a statute, or a regulation, rule, or order issued pursuant thereto." Davis then argues that since the words "in violation" were added, "Congress added a new element to §1791(a) that required the government to prove that the defendant violated a statute, regulation, rule, or order" as a prerequisite for

2

his conduct to have violated the 1986 amended version of §1791(a). Thus, Davis maintains that since the government failed to prove at his trial that he was guilty of the alleged new element in the 1986 amended version of §1791(a), and the court failed to charge the jury on this so-called new element, he must be granted a new trial based on this error which amounted to a miscarriage of justice. Davis also predicts that if the court had properly instructed the jury and included this alleged new element, the jury would have acquitted him since it was not established at his trial that he first violated a statute, regulation, rule, or order. Thus, Davis contends that there was not sufficient evidence to convict him of violating §1791(a) at his trial.

The government filed its brief in opposition to Davis' motion for a new trial. (Doc. 164). Davis filed a reply brief on March 9, 2021. (Doc. 167).

The court has reviewed the filings of the parties and Davis' instant motion, (Doc. 156), will be denied for the following reasons.

**II.   DISCUSSION**

As the court in U.S. v. Montgomery, 442 F.Supp.3d 875, 882-83 (W.D. Pa. 2020), explained:

3

>Rule 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." *See* Fed.R.Crim.P. 33(a). When the basis for the defendant's motion is something other than new evidence, the defendant must move for a new trial within fourteen (14) days of the verdict. *See* Fed.R.Crim.P. 33(b)(2). The Court, however, can consider Rule 33 motions filed after the fourteen-day deadline if the defendant establishes excusable neglect for his failure to move earlier. *See* Fed.R.Crim.P. 45(b)(1)(B); *see also* United States v. Kennedy, 354 F.App'x 632, 636 (3d Cir. 2009) ("Under Federal Rule of Criminal Procedure 45(b)(1)(B), a court may extend the time prescribed under Federal Rule of Criminal Procedure 33(b)(2) due to excusable neglect."). The burden rests with the defendant seeking a new trial. *See* United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006).

Here, Davis claims that he could not have previously filed his motion for a new trial and that his grounds for relief were "purely speculative" until the Rehaif and Nasir cases were decided, and that his motion was filed outside of the allotted time due to "excusable neglect." He also claims that the court's instruction to the jury was erroneous since it failed to include the alleged new element of §1791(a). "When the defendant's motion seeks relief based on a jury instructions error, ordinarily the defendant is not entitled to a judgment of acquittal", rather, "jury instruction errors properly call on the Court to determine whether the error warrants ordering a new trial." *Id.* at 883 (internal citations omitted).

"Rehaif interpreted §922(g) to include a new element—that the defendant knew he belonged to a class of people who could not lawfully

4

possess a firearm", *see id.* at 879, and the court must instruct the jury that it must find beyond a reasonable doubt that the defendant knew his prohibited status. Based on Rehaif, "the Government must [now] prove that the defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm.'" *Id.* at 883 (quoting Rehaif, 139 S. Ct. at 2200).

In Nasir, defendant was convicted of being a felon in possession of a firearm, in addition to drug offenses. The Third Circuit held that "'[f]or a defendant like Nasir, a previously convicted felon, that knowledge-of-status element [under Rehaif] means that the government has to prove that he knew he was a "person ... who has been convicted ... of ... a crime punishable by imprisonment for a term exceeding one year", and that "[p]roof of knowledge of status is now essential" for a conviction under §922(g). 982 F.3d at 160. In Nasir, the Third Circuit vacated defendant's conviction for being a felon in possession of a firearm since the government did not offer any evidence at trial that Nasir knew he was a felon, and the District Court did not instruct the jury that such proof was necessary.

Although he does not artfully explain his argument based on Rehaif and Nasir, in liberally construing his *pro se* filings, as required, Davis

5

seems to suggest that in his trial, the jury should have been instructed that it must find beyond a reasonable doubt that he knew he belonged to a class of people who could not lawfully possess a weapon, *i.e.*, the jury had to find that he knew his prohibited status as an inmate and that his possession of a weapon violated a statute, regulation, rule or order to convict him under §1791(a).

In this case, the court instructed the jury that Davis was charged in an Indictment with possession of a prohibited object while an inmate in a federal prison, namely, United States Penitentiary Lewisburg, and that the Indictment charged that he "did knowingly possess a prohibited object, that is, a weapon or an object designed to be used as a weapon, specifically a sharpened piece of plastic, approximately eight inches in length, which was discovered attached to his body by a lanyard." (Doc. 110 at 27, 29).

The court then charged the jury, (Doc. 110 at 29), as follows:

The statute, entitled Possessing Contraband in Prison, a violation of Title 18, United States Code, Section 1791(a)(2), provides in pertinent part that:

Whoever—
(2) being an inmate of a prison, makes, possesses or obtains, or attempts to make or obtain a prohibited object; shall be guilty of an offense against the United States.

6

After the court read the jury the elements of the charged offense, it concluded its charge by stating that "to convict Willie Davis under §1791(a)(2), the government has to prove, beyond a reasonable doubt that, while an inmate in a federal prison, he knowingly possessed a prohibited object; that is, a weapon or an object that is designed or intended to be used as a weapon." (Id. at 34).

No doubt that in Rehaif, the Supreme Court held that the word "knowingly" in §924(a)(2) "applies both to the defendant's conduct and to the defendant's status", Rehaif, 139 S. Ct. at 2194, and that the government must prove the defendant knew he was a person prohibited from possessing a firearm, *i.e.*, that the defendant knew he was a felon (knowledge of his relevant status). Here, neither Rehaif nor Nasir have any bearing on Davis' case and his conviction under §1791(a) for possessing a prohibited object (a shank) in the prison. Although the court did not instruct the jury that the government must prove that Davis "knew he belonged to the relevant category of persons barred from possessing a [weapon]", *i.e.*, knew he was an inmate in a federal prison, notwithstanding Rehaif and Nasir, there has been no change in the law regarding the statute Davis was convicted of violating. Simply stated, both before and

7

after the Rehaif and Nasir cases were decided, possession of a weapon in prison by a federal inmate constitutes a crime under §1791(a) despite the fact that the court did not instruct the jury that it had to also find the defendant knew of his status as a federal inmate. Indeed, Rehaif only dealt with a prosecution under 18 U.S.C. §922(g) and §924(a)(2), when the Supreme Court held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S.Ct. at 2200. Rehaif does not require that the government must prove that an inmate charged with a §1791(a) offense possessed contraband knowing that he was a prohibited person.

In its decision denying Davis' direct appeal, the Third Circuit in Davis, 728 Fed.Appx. at 127-28, held that:

> "Providing or possessing contraband in prison" in violation of §1791 constitutes an offense against the laws of the United States. In turn, Congress clearly has the constitutional authority to regulate criminal behavior in a federal prison. In fact, "Section 1791(d)(4) defines 'prison' as a '[f]ederal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contractor agreement with the Attorney General."[1] United States v. Wearing, 837 F.3d 905, 910 (8th Cir.

---

[1] In Davis, 728 Fed.Appx. at 127-28 n. 3, the Third Circuit noted:

2016) (per curiam) (rejecting argument that indictment failed to allege that offense occurred in federal prison).

Thus, there was no requirement at the time of trial, or presently based on Rehaif, for the court to have instructed the jury that the government must also prove that Davis knew he was an inmate of a federal prison when he possessed a prohibited object and that his possession of such an object violated a statute or regulation, in addition to proving that he was an inmate of a prison to convict him of violating §1791(a). *See* In re Sampson, 954 F.3d 159, 160 (3d Cir. 2020) (Third Circuit held that "Rehaif addressed what it means for someone to have 'knowingly' violated §922(g)", and "it addressed what the statutes enacted by Congress require for a conviction under 18 U.S.C. §§922(g) and 924(a)(2).").

Moreover, in the case of U.S. v. Hendrickson, 949 F.3d 95 (3d Cir. 2020), decided after Rehaif, the Third Circuit discussed what the government must prove to convict a defendant under §1791. The Court

---

[T]he indictment expressly alleged that Davis was an inmate of the United States Penitentiary, Lewisburg. Incorporating the statutory definition of "prison," the District Court specifically instructed the jury that the United States must prove that Davis "was an inmate of a prison." (Doc. #110 at 32; *see also id.* at 31 (explaining that District Court has taken judicial notice that United States Penitentiary, Lewisburg, is a federal prison and that jury may, but is not required to, treat this fact as proven).)

9

stated that "[t]o establish a violation of §1791(a)(2), the Government must prove, among other things, that the defendant was 'an inmate of a prison'", and that "Section 1791(d)(4) defines a 'prison' as 'a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General.'" *Id.* at 100 (citations omitted). In Hendrickson, *id.* at 100-01, the Court held that the term "prison" "does not require the defendant to be detained pursuant to federal charges or to be detained in a federal facility", and that "the defendant need only be detained in a facility in which federal prisoners are held." Notably, the Court did not indicate that the government must also prove that the defendant knew he was an inmate of a prison or knew that he was detained in a facility in which federal prisoners are held, and that he knew the possession of contraband violated a statute or regulation or order, to prove that he violated §1791(a)(2).

Also, since Davis' conviction is final, there has been no holding in the Third Circuit that Rehaif applies retroactively to cases on collateral review. *See* U.S. v. Battle, 2020 WL 4925678 (W.D. Pa. Aug. 21, 2020) (the Court held that Rehaif is not retroactively applicable to Defendant's §2255 motion

10

and his request for collateral review regarding his conviction for violating §922(g)(1) since "the new rule announced in Rehaif is a procedural rule, and not a substantive rule." Thus, the court held that defendant's motion was not timely filed under §2255(f)(3) and dismissed his motion as time-barred.) (string citations omitted). In fact, the Third Circuit has explicitly held that Rehaif does not set forth a new rule of constitutional law. *See* In re Sampson, 954 F.3d 159 (3d Cir. 2020) (Third Circuit held that defendant, who had been convicted of violating 18 U.S.C. §922(g) for being a felon in possession of a firearm, seeking to file a successive 2255 motion based on Rehaif did "not ma[ke] the required *prima facie* showing that his claim rests on a new, retroactively applicable rule of constitutional law", since "Rehaif did not state a rule of constitutional law at all." Thus, the Court denied defendant's application to file a second or successive motion to vacate his sentence.).

Thus, it appears that even if Davis, who was not convicted of violating the applicable statute, §922(g), as defendants in Rehaif and Nasir were, requested permission from the Third Circuit to file a successive §2255 motion based on Rehaif, his request would not be granted. *See* In re Sampson, 954 F.3d at 161 (holding that Rehaif "did not set forth a new rule

11

of constitutional law as contemplated by §2255(h)." *See also* U.S. v. Bledsoe, 2021 WL 688807 (3d Cir. Jan. 11, 2021) (Third Circuit denied defendant's request for a certificate of appealability under 28 U.S.C. §2253(c) based on Rehaif) (citing In re Sampson, 954 F.3d at 162 ("holding that Rehaif is not a 'new, retroactively applicable rule of constitutional law'"). *See also* Brown v. U.S., 2021 WL 120677, *1 (D. N.J. Jan. 13, 2021) (stating "[a]s the Third Circuit has recently explained, Rehaif neither created a new 'right' by announcing a new rule of constitutional law, nor was it made retroactive to collateral review cases.") (citing In re Sampson, 954 F.3d 159, 161, 161 n. 3 (2020)).

### III.    CONCLUSION

Accordingly, Davis' motion for a new trial, **(Doc. 156)**, is **DENIED**. An appropriate Order will be issued.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**Dated: March 12, 2021**
16-138-05

12